THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| JOSE E. GARCIA, *et al.*, | CV 12–4504–DWM |
| Plaintiffs, | |
| vs. | ORDER |
| CALIFORNIA SUPREME COURT, *et al.*, | |
| Defendants. | |

Plaintiffs request judicial notice of certain documents. (*See* Docs. 33, 34, and 36.) These requests were filed as the Court considers the pending Motion to Dismiss in a related matter. (*See Blye v. California Supreme Court*, No. CV 11-5046-DWM at Doc. 74.)

On a party's request, a court must take judicial notice of an adjudicative fact not subject to reasonable dispute if supplied with the necessary information. Fed. R. Evid. 201. A fact is not subject to reasonable dispute if it is "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id*. "Adjudicative facts are simply the facts of the particular case.

Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." *Id*. advisory committee's note (1972). Although the Rules of Evidence do not expressly require a fact to be relevant for it to be judicially noticed, an irrelevant fact is one not of consequence in determining the action, *see* Fed. R. Evid. 401(b), and therefore cannot be classified as an adjudicative fact.

Plaintiffs' Requests for Judicial Notice are flawed. A request for judicial notice is not a proper vehicle for legal argument. The Plaintiffs' submissions distort the Rules of Evidence by attempting to shoehorn argument on the claims presented in the pending Motion to Dismiss into a Request for Judicial Notice. Furthermore, Plaintiffs' Requests are not well-taken because they concern legislative facts, related to legal reasoning and the formulation of legal principles, rather than the adjudicative facts which form the basis of this case. Judicial notice of this category of information and the accompanying argument is inappropriate. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 560 (9th Cir. 2009) (citing *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002) ("[J]udicial notice is generally not the appropriate means to establish the legal principles governing the case."))

Plaintiffs' first Request, (Doc. 33), asks the Court to take judicial notice of a news release of the Department of the Treasury and of Internal Revenue Ruling 2013-17 concerning the effect of the United States Supreme Court's decision in *United States v. Windsor*, ___ U.S. ___, 133 S.Ct. 2675 (2013), on federal tax law. Neither of these items are *ad rem* adjudicative facts. The existence of neither the Department of the Treasury news release nor the Internal Revenue Service Ruling meets the test for relevant evidence set forth by the Rules of Evidence. *See* Fed. R. Evid. 401 ("Evidence is relevant if . . . the fact is of consequence in determining the action.) These subjects only gain relevance to the case at bar through argument by analogy presented in Plaintiffs' request. Inasmuch as they concern legal reasoning and seek to establish legal principles governing the case, they are inappropriate matters for judicial notice.

Plaintiffs' second Request, (Doc. 34), seeks judicial notice of several documents, including articles and studies discussing diversity in the legal profession and a decision of the United States District Court for the District of Utah regarding polygamy, *Kody Brown,* et al. *v. Jeffrey Buhman*, Cause No. CV 11-652-CW (D. Utah 2013). The matters presented in the articles and studies regarding diversity are not subject to judicial notice because they are not generally known and it is not clear that the methodology of the studies cited cannot be

reasonably questioned. The *Brown* decision is only relevant to this case through argument by analogy and is therefore not a fact subject to judicial notice.

Plaintiffs' third Request, (Doc. 36), asks that the Court take judicial notice of the California Supreme Court's holding that undocumented immigrants may validly hold a California law license. The Plaintiffs' request to take judicial notice of this fact is a closer call than the previous three requests, as it concerns attorney licensure in California. The decision, however, does not speak to the crux of this dispute, namely, the constitutionality of the California Bar Exam. Its relevance can only be established through argument by analogy and is therefore not a fact subject to judicial notice.

Plaintiffs' Requests for Judicial Notice are defective because they seek validation of facts that lack a direct relation to a matter of consequence in this action. The applicability of these facts is a matter of dispute. Plaintiffs' view of the pertinence of these matters is rejected and not subject to judicial notice. Taking judicial notice as requested would deprive Defendants of the fundamental requirement of due process of law and artificially precipitate a decision on the merits of this matter based on a distorted reading of the Rules of Evidence.

IT IS ORDERED that Plaintiffs' Requests for Judicial Notice, (Docs. 33, 34, and 36), are DENIED.

DATED this 21st day of January, 2014.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT